IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JASON ALDO LEMMON**                                                                           **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 3:19-CV-67-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

**ORDER DENYING MOTION TO DISMISS**

This matter is before the court on the motion of the Social Security Commission to dismiss the complaint for review of the denial of Social Security benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having duly considered the submissions of the parties, and the applicable law, the court for the reasons set forth below finds that the motion to dismiss is denied and the complaint accepted as timely filed.

The defendant has moved to dismiss this action asserting the complaint was not filed within the sixty-day statute of limitations established by 42 U.S.C. § 405(g). The statute of limitations for seeking judicial review of the Commissioner's decision runs from the date the plaintiff receives notice of the final decision. By regulation, in the absence of a reasonable showing to the contrary, the plaintiff is presumed to have received any decision within five days of the date of mailing. 20 C.F.R. § 422.210 (c).

In support of its motion, the defendant has submitted the affidavit of Christina Prelle, Chief of the Court Preparation and Review Branch 4 of the Office of Appellate Operations, in the Office of Adjudication and Review in the Social Security Administration. The affidavit sets out that the Appeals Council decision denying review was mailed to the claimant and counsel on January 20,

2019, but the complaint was not filed until March 27, 2019, one day beyond the sixty-five day period.

In response the plaintiff asserts that the decision was not received within the presumptive five-day period, but instead of being received on Friday, January 25, 2019, it was received on Monday, January 28, 2019. Counsel has confirmed in the response by his signature that the notice was received by his office on that date. The court is cognizant of the fact that this representation is made not only under the strictures of Rule 11, Fed.R.Civ.Proc., but to the court by an officer of the court, who is under an obligation of candor to the court. He has through years of practice before the court, not given the court cause to doubt that candor.

Furthermore, the reality is that delivery of the mail in rural Mississippi, where both counsel and the claimant reside, is not as timely as in urban areas. It does not strain credulity to assert that a letter from Falls Church, Virginia may be delivered in rural Mississippi one business day beyond the presumptive five-day limit. Because there is no reason to anticipate a difference between when the plaintiff received the decision and when his lawyer did, given their proximity to one another, the court holds that the regulatory presumption has been rebutted and accepts that the notice was received on January 28, 2019. The court finds the complaint was timely filed and denies the motion to dismiss. The defendant shall file its answer within twenty-eight days of this order.

**SO ORDERED**, this the 20th day of April, 2020.

                                            **/s/ David A. Sanders**
                                            **U.S. MAGISTRATE JUDGE**